**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

**Case No.:**

JAYLON BARTLEY,

      **Plaintiff,**                                                    COMPLAINT

v.

CHEVROLET PATTERSON D/B/A PATTERSON
MOTORS OF KILGORE, INC.,

                                            **DEMAND FOR JURY TRIAL**

      **Defendant.**

_____/

**COMPLAINT**

Plaintiff, Jaylon Bartley ("Plaintiff"), by and through counsel, files this Complaint against

Chevrolet Patterson d/b/a Patterson Motors of Kilgore, Inc. ("Defendant"), pursuant to the Fair

Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. § 1331.

2.      Venue in this District is proper because Plaintiff resides here, Defendant transacts

business here, and the complained conduct of Defendants occurred here.

**DEMAND FOR JURY TRIAL**

3.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**PARTIES**

4.      Plaintiff is a natural person, and a citizen of the State of Texas, residing in Gregg

County, Texas.

5.      Defendant is a Texas corporation and a "person" as defined by FCRA, 15 USC

§1681a(b).

## FACTUAL ALLEGATIONS

6.      On or about January 5, 2026, Plaintiff telephoned Patterson for the purpose of speaking with a member of its sales staff about the possibility of leasing a vehicle.

7.      During that call, Plaintiff was connected with a Patterson sales representative named Dan Robertson ("Robertson"). Plaintiff explained to Robertson that Plaintiff wanted to lease a new vehicle.

8.      Robertson asked Plaintiff to provide personal identifying information and to send photographs of Plaintiff's current vehicle, including its make, model, and vehicle identification number. Plaintiff complied with all of Robertson's requests.

9.      After receiving Plaintiff's information, Robertson called Plaintiff back, represented that Patterson had numerous vehicle options within Plaintiff's price range, and asked Plaintiff to come into the dealership. Plaintiff agreed to visit the dealership after work.

10.     Upon arriving at the dealership, Robertson informed Plaintiff that Patterson could not accept Plaintiff's current vehicle as a trade in. Robertson then attempted to sell Plaintiff a different vehicle. Plaintiff declined and left the dealership.

11.     On January 6, 2026, the following day, Plaintiff reviewed Plaintiff's credit profile through Credit Karma and discovered a new hard inquiry on Plaintiff's consumer report originating from Patterson, identified as follows:

    a.  **Unauthorized Hard Inquiry:**

        i. Inquiry date: 01/05/2026 cr patterson chevrolet52 patterson chevrolet cdjr.

12.     At no point did Plaintiff authorize Patterson to obtain Plaintiff's consumer report. Plaintiff did not sign any credit application, financing agreement, or any other document that

would have permitted Patterson to initiate a hard inquiry into Plaintiff's credit.

13.     Defendant obtained Plaintiff's consumer report without a permissible purpose as required by the Fair Credit Reporting Act, including 15 U.S.C. § 1681b.

14.     On January 7, 2026, Plaintiff filed a Federal Trade Commission Identity Theft Report, FTC Report No. 195874233, attesting under penalty of perjury that Patterson's hard inquiry was unauthorized.

15.     As a result of Patterson's unauthorized pull of Plaintiff's consumer report, Plaintiff has suffered actual damages including, without limitation, damage to Plaintiff's creditworthiness,

## COUNT 1
### DEFENDANT'S WILLFUL VIOLATION OF 15 U.S.C § 1681b(f)

16.     Plaintiff incorporates by reference the allegations regarding Defendant in paragraphs ¶¶ 1-15 of this Complaint.

17.     15 U.S.C. 1681b(f) states that: "A person shall not use or obtain a consumer report for any purpose unless- (1)the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

18.     Defendant has willfully failed to comply with the FCRA. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff under the FCRA. The failures of the Defendant to comply with the FCRA include but are not necessarily limited to the following:

a.     Obtaining Plaintiff's consumer report without Plaintiff's knowledge or consent, without any signed credit application or financing agreement, and without any other permissible purpose under 15 U.S.C. § 1681b.

19.    Defendant violated 15 U.S.C. § 1681b(f) in that its conduct, actions and inaction were willful, rendering them liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

20.    Plaintiff is entitled to recover statutory damages, actual damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**COUNT 2**
**DEFENDANT'S NEGLIGENT VIOLATION OF 15 U.S.C § 1681b(f)**

21.    Plaintiff incorporates by reference the allegations regarding Defendant in paragraphs ¶¶ 1-15 of this Complaint.

22.    Defendant has negligently failed to comply with the FCRA. The failures of the Defendant to comply with the FCRA include but are not necessarily limited to the following:

a. Obtaining Plaintiff's consumer report without Plaintiff's knowledge or consent, without any signed credit application or financing agreement, and without any other permissible purpose under 15 U.S.C. § 1681b.

23.    Defendant violated 15 U.S.C. § 1681(f) in that its conduct, actions and inaction were negligent, rendering them liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

24.    Plaintiff is entitled to recover damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, prays that this Honorable Court:

A.    Enter Judgment in favor of Plaintiff against Defendant for all reasonable damages sustained by Plaintiff for Defendant's violations of the FCRA, applicable state law, and common

law;

    B.      Find that the appropriate circumstances exist for an award of punitive damages to Plaintiff;

    C.      Award Plaintiff pre-judgment and post-judgment interest, as allowed by law;

    D.      Order that the Defendant reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiff and/or any of Plaintiff's personal identifiers;

    E.      Grant such other and further relief, in law or equity, to which Plaintiff might show her is justly entitled.

Dated: July 1, 2026

Respectfully Submitted,

/s/ Samuel J. Awad          .
SAMUEL J. AWAD, ESQ.
EDTX Bar No.: 1058426
E-mail: samuel@jibraellaw.com

*COUNSEL FOR PLAINTIFF*